UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Adrian Carranza Hernandez, | ) C/A No. 9:09-2963-HMH-BM |
|---|---|
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Officer K. Shuler, | ) |
| Defendant. | ) |

Adrian Carranza Hernandez ("Plaintiff"), proceeding *pro se*, brings this civil action against an officer at the Hill-Finklea (or Berkeley County) Detention Center.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. He requests money damages and injunctive relief. The complaint should be dismissed for failure to state a claim on which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.



1

action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).



2

## Background

Plaintiff alleges that he was detained in the Hill-Finklea (or Berkeley County) Detention Center during certain days in October and November of 2009. It appears that at least he was detained there between October 13, 2009, and November 4, 2009. (Compl. at pp. 3, 8) It appears that as of November 5, 2009, Plaintiff no longer was detained at that detention center and that he had a private address. (Compl. at p. 8) Plaintiff's statement of claim is the following verbatim:

> On 10-13-09, I was moved from regular population (B-pod) to disciplinary segregation (A-pod). This occurred around 3:30 A.M. That night, my mail and new pin # was sent to (B-pod) instead of (A-pod). My mail was unlawfully given to another inmate. This caused an unknown to me inmate to "request" to Officer K. Shuler pre-paid phone time on my new pin #. Officer K. Shuler removed $5.00 from my account on 10-15-09. She then removed $15.00 from my account on 10-16-09. I never requested nor received this money on phone time. Also the fact that up until 10-21-09, my mail continued to be given out in B-pod. To a person to whom it was not addressed.
> Needless to say. Me being a young man of 19 years of age. It has caused me a lot of emotional stress. Not being in contact with my family by mail or phone. A lot of sleep has been lost also.

(Compl. at p. 3)

Plaintiff seeks money damages ($200,000.00 punitive, $350.00 filing fee reimbursement, and $20.00 money returned to his account). (Compl. at p. 4) Plaintiff also requests that the detention center be required to train their officers on mail delivery procedures and how to ensure that mail goes to whom it is addressed. *Id.* Plaintiff further requests that the detention center be required to conduct an official investigation and have all guilty persons punished by law. *Id.*



3

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff states that his mail and twenty dollars from his detainee account were unlawfully taken from him and that it was the defendant's fault. The crux of Plaintiff's claim appears to sound in negligence because Plaintiff does not allege that the defendant intentionally gave other detainees Plaintiff's mail and money from his account. However, to give liberal construction to the complaint, the court will assume that Plaintiff does allege intentional misconduct by the defendant. Thus, Plaintiff may be alleging that his constitutional right to not be deprived of his property without due process was violated. Unfortunately for Plaintiff, whether he alleges negligent or intentional property deprivation, it appears beyond doubt that Plaintiff can prove no set of facts that would state a cognizable claim under § 1983. *Erickson v. Pardus*, 551 U.S. 89 (2007).

The Supreme Court has held that deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986). Moreover, 42 U.S.C. § 1983



4

does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 200-203 (1989). The Fourth Circuit Court of Appeals has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. March 4, 2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005). *See also Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state employee commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-1184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property -- even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state). Hence, the loss of Plaintiff's personal property (mail and $20) is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

Under South Carolina law, Plaintiff's negligence claims relating to his lost property may be cognizable under the South Carolina Tort Claims Act, § 15-78-10 *et seq.*, South Carolina Code of Laws. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Further, Plaintiff seems to allege that the defendant was employed by a political subdivision of South



5

Carolina (i.e., Berkeley County). Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code §15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.). Thus, Plaintiff cannot pursue a claim under the Tort Claims Act in this court.

Even if the defendant intentionally took Plaintiff's property, Plaintiff must utilize his remedies under South Carolina law to obtain damages. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable postdeprivation remedy). *See also Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD-GCK, 2007 WL 2288123 at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate postdeprivation remedies for personal property loss). In short, Plaintiff has an available state remedy for the missing property -- the South Carolina Tort Claims Act and/or the South Carolina courts. Therefore, this action should be dismissed for failure to state a claim upon which relief may be granted.

Additionally, certain relief that Plaintiff seeks is not available in this court. Plaintiff requests that all guilty persons involved with the stealing of his money and mail be punished under the law. Plaintiff cannot have this court prosecute criminal charges against the defendant as "[n]o



citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992). Accordingly, certain relief which Plaintiff seeks -- criminal prosecution of guilty persons -- has no basis in law.

## Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process for failure to state a claim on which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

**Plaintiff's attention is directed to the important notice on the next page.**

Bristow Marchant
United States Magistrate Judge

December 4, 2009
Charleston, South Carolina



7

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

